Gerard F. Smith, Esq.
PEZOLD SMITH HIRSCHMANN & SELVAGGIO, LLC
One Broadway, Suite 201
Denville, NJ  07834
973-586-6700
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF NEW JERSEY

----------------------------------------------------------------x

SUBROGATEWAY, INC., as asset recovery
agent for ACE INA INSURANCE, a/s/o
RELIANCE FOODS INTERNATIONAL, INC.,

           Plaintiffs,

                                           Civil Action No.
v.

PREFERRED FREEZER SERVICES OF
NEWARK, LLC, CMA-CGM (America), LLC,
M/V APL MALASYA V.LB759E, her engines,
boilers, etc., ABC Corp and XYZ Corp.,              COMPLAINT

           Defendants.
----------------------------------------------------------------x

       Plaintiff, SUBROGATEWAY, INC., as asset recovery agent for ACE INA Insurance a/s/o RELIANCE FOODS INTERNATIONAL, INC., by way of Complaint against the defendants, and each of them, says:

JURISDICTION AND VENUE

       1.     This action seeks recovery of a claim for damaged and/or loss of freight in transit, which is cognizable as an admiralty or maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and involves application of 46 U.S.C. § 30701 *note* - the Carriage of Goods by Sea Act ("COGSA"), and as such this court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331(Federal Question).

1

2. This court further has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1337, as this action involves the liability of a motor carrier under 49 U.S.C. § 14706 (the "Carmack Amendment") and the amount in controversy exceeds $10,000, exclusive of interest and costs.

3. Venue is otherwise proper in the United States District Court, District of New Jersey, since the defendants regularly and systematically conducted business within the State of New Jersey and/or contracted to supply goods or services within the State of New Jersey such that valid service of process was or could have been made on the defendants in this district.

## THE PARTIES

4. Plaintiff, SUBROGATEWAY, INC., is the asset recovery agent for ACE INA INSURANCE, a/s/o RELIANCE FOODS INTERNATIONAL, INC., and is a corporation with its principal place of business in Ontario, Canada.

5. Upon information and belief, and at and during all times hereinafter mentioned, defendant, PREFERRED FREEZER SERVICES OF NEWARK, LLC (hereinafter "Preferred Freezer Services"), maintains a principal place of business at 360 Avenue P, Newark, New Jersey. Upon information and belief, at and during all times hereinafter mentioned, Preferred Freezer Services provides transportation and temperature-controlled warehousing services throughout the 48 contiguous States.

6. Upon information and belief, at and during all times hereinafter mentioned, CMA-CGM (America), Inc. (hereinafter "CMA-CGM") is a global transportation and logistics company engaged in shipping and related businesses, with an office and place of business at One Meadowlands Plaza Suite 201, East Rutherford, NJ 07073. Upon information and belief, at and during all times hereinafter mentioned, CMA-CGM is engaged in the business of interstate

transportation of goods by ocean and motor carrier, and is a common carrier, freight forwarder and/or non-vessel operating common carrier (NVOCC) of goods for hire.

7. Upon information and belief, at and during all times hereinafter mentioned, defendant, ABC Corp. and/or XYZ CORP., is believed to be a trucking company, motor carrier, ocean carrier, warehouse or other entity who otherwise stored, transported or handled the goods which are the subject of this lawsuit.

## COUNT ONE
## (BREACH OF CONTRACT OF CARRIAGE)

8. On or about April 20, 2013 the defendants, and each of them transported goods, more particularly, frozen food product, i.e., one (1) 40 ft. reefer container containing frozen cherries, on behalf of the plaintiff.

9. On or about April 20, 2014 plaintiffs' frozen food product, transported by defendants and each of them sustained loss or damage to the cargo while in transit, or otherwise.

10. The shipment at issue was tendered to defendants in good order and condition.

11. Defendant failed to deliver the shipment at issue in good order and condition at destination, in breach of the contracts of carriage for the shipment.

12. As a result of defendant's breach of the contracts of carriage, plaintiffs have sustained actual damages in the amount of $49,976.76.

WHEREFORE, plaintiff demands judgment against the defendants, and each of them, for damages, together with interest, costs of suit, and attorney's fees.

## COUNT TWO
## (Carriage Of Goods by Sea Act)

13. Plaintiff repeats and realleges each and every allegation of paragraphs 1 through 13 as if fully set forth herein.

14. Plaintiff and defendants entered into a contract for ocean carriage pursuant to 46 U.S.C. § 30701, the *Carriage of Goods by Sea Act (hereinafter* COGSA).

15. Defendants and each of them breached their contract for ocean carriage by failing to deliver the shipment in good order and condition and, as a result of which, plaintiff's merchandise was greatly depreciated in value and plaintiff lost the use of same, for which it claims damages.

16. As a result of defendants' conduct and actions, defendants and each of them are liable to plaintiff for its full, actual damages as carriers, NVOCCs, and/or freight forwarders pursuant to COGSA, together with interest thereon from the date the shipment was delivered or scheduled to be delivered.

## COUNT THREE
### (49 U.S.C. § 14706 (CARMACK AMENDMENT CLAIM))

17. Plaintiff repeats and realleges each and every allegation of paragraphs 1 through 16 as if fully set forth herein.

18. Defendants are liable to plaintiffs for its full, actual damages as a motor carrier under the Carmack Amendment, which is codified at 49 U.S.C. § 14706.

19. As a result of defendant's conduct and actions, defendants are liable for plaintiffs' actual damages in the amount of $49,976.76, together with interest thereon from the date that each shipment was delivered or scheduled to be delivered.

WHEREFORE, plaintiff demands judgment against the defendants, and each of them, for damages, together with interest, costs of suit, and attorney's fees.

## COUNT FOUR
### (NEGLIGENCE)

20. Plaintiffs repeat and reallege each and every allegation of paragraphs 1 through 19 as

if set forth at length herein.

21. On or about the dates and times aforementioned, the defendants, and each of them, were negligent and careless in transporting and storing the goods, and engaging or performing the services in an improper manner, on behalf of the plaintiff, causing damage to plaintiff's goods, rendering the goods unusable.

WHEREFORE, plaintiff demands judgment against the defendants, and each of them, for damages, together with interest, costs of suit, and attorney's fees.

## COUNT FIVE
## (ATTORNEY'S FEES)

22. Plaintiff repeats and reallege each and every allegation of paragraphs 1 through 21 as if fully set forth herein.

23. Defendants' failure to deliver the shipments at issue in good order and condition constitutes a violation of 49 U.S.C. § 14706.

24. Defendants acknowledges liability for some claims at issue herein, but has failed to pay plaintiff in violation of 49 C.F.R. § 370.9.

25. Defendants' failure to acknowledge some or all of plaintiffs' claims constitutes a violation of 49 C.F.R. § 370.5.

26. Defendants' failure to decline or offer a written settlement compromise for some or all of plaintiffs' claims constitutes a violation of 49 C.F.R. § 370.9.

27. Pursuant to the Interstate Commerce Act, defendants are "liable for damages sustained by a person as a result of an act or omission of that carrier . .. in violation of this part [Title 49, U.S.C., Subtitle IV, Part 13]." 49 U.S.C. § 14704(a)(2).

28. As a result of defendant's breach of the contracts of carriage under 49 U.S.C. § 14706 and defendants' violations of the federal claim regulations at 49 C.F.R. Pat 370, defendants are

liable, under 49 U.S.C. § 14704(a)(2), for plaintiff's actual damages in the amount of $49,976.76, together with interest thereon from the date that each shipment was delivered or scheduled to be delivered.

29. As a result of defendants' breach of the contracts of carriage, under 49 U.S.C. § 14706, and defendant's violations of the federal claim regulations at 49 C.F.R. Pat 370, plaintiff is entitled to an award of reasonable attorney's fees under 49 U.S.C. § 14704(e).

WHEREFORE, plaintiff demands judgment against defendants on Counts I, II and III of the complaint, in the total amount of $49,976.76, together with pre-judgment and post-judgment interest, an award of reasonable attorney's fees as authorized by statute, and costs of suit be taxed against defendants and for such other and further relief as this Court may deem just and proper in this matter.

## CERTIFICATION REGARDING OTHER PROCEEDINGS AND PARTIES

The undersigned counsel hereby certifies, in accordance with Local Civil Rule 11.2, that the matter in controversy is not the subject to any other action pending in any Court and is likewise not the subject of any pending arbitration proceeding or administrative proceedings.

Dated: April _21, 2014

By: _/s/ Gerard F. Smith
Gerard F. Smith, Esq.
PEZOLD SMITH HIRSCHMANN & SELVAGGIO, LLC
One Broadway, Suite 20l
Denville, New Jersey  07834
(973) 586-6700
*Attorneys for Plaintiff*